IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

JAMES LEE FOLEY                                                                           PETITIONER
ADC #79350

VS.                                 NO. 5:11CV00065 KGB/JTR

RAY HOBBS, Director,                                                                      RESPONDENT
Arkansas Department of Correction

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Kristine G. Baker. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the

United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

3. An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Room A149
Little Rock, AR 72201-3325

**I. Background**

On March 16, 2011, Petitioner, James Lee Foley, an Arkansas Department of Correction inmate, filed this § 2254 habeas action. (Docket entry #2.) On May 27, 2011, Respondent filed a Response, to which Petitioner filed a Reply. (Docket entries

#9, #12.) Both parties later filed supplemental pleadings. (Docket entries #18, #21, #23.)

Before addressing the merits of Petitioner's claims, the Court will review the lengthy procedural history of this case both in state and federal court.

In September 2009, a Pulaski County jury convicted Petitioner of residential burglary. As a habitual offender, he was sentenced to thirty years of imprisonment. (Docket entry #9-1.) He filed a direct appeal arguing that the trial court erred in denying his motion for directed verdict. On November 3, 2010, the Arkansas Court of Appeals affirmed his conviction. *Foley v. State*, 2010 Ark. App. 727. The mandate was issued on November 23, 2010. (Docket entry #9-2.)

Petitioner had sixty days from the date the mandate issued to seek state post-conviction relief. Thus, he had until and including January 24, 2011, to file a timely Rule 37 Petition in Pulaski County Circuit Court.[1]

Petitioner alleges that, on December 7, 2010, he mailed a Rule 37 Petition to the Pulaski County Circuit Clerk's office but they "lost it or threw it away." (Docket entry #2, at 4.) Petitioner has attached to his habeas papers a Rule 37 Petition, notarized on December 6, 2010, and a Motion for Transcript for Rule 37 Proceedings,

---

[1] *See* Ark. R. Crim. P. 37.2(c) (2010) (petition must be filed within sixty days of the date the mandate is issued by the appellate court). Because the sixtieth day fell on a Saturday, Petitioner had until Monday, January 24, 2011, to file a timely Rule 37 Petition. *See* Ark. R. Crim. P. 6(a).

notarized on December 7, 2010. (*Id.* at 23-34.)

On January 5, 2011, Petitioner wrote a letter to the Pulaski County Circuit Clerk requesting a file-marked copy of his Rule 37 Petition. (*Id.* at 15.)

On January 18, 2011, the circuit clerk's office wrote Petitioner a letter advising him that: (1) to date, no Rule 37 Petition had been filed in his case; and (2) he should "send it again" so that it could be filed. (*Id.* at 19.)

On January 20, 2011, Petitioner wrote another letter to the Pulaski County Circuit Clerk requesting "a filed stamped copy of my rule 37 petition ...." (*Id.* at 21.) It is probable that, at the time Petitioner wrote and mailed his January 20 letter, he had not yet received the Pulaski County Circuit Clerk's January 18 letter advising him that he should resubmit his Rule 37 Petition.

On January 24, 2011, the deadline expired for Petitioner to file a timely Rule 37 Petition.

On January 31, 2011, the Pulaski County Circuit Clerk sent Petitioner a letter, apparently in response to Petitioner's January 20 letter, that again directed him to "send us the original pleadings to be file-marked." (*Id.* at 20.)

On March 4, 2011, Petitioner resubmitted his Rule 37 Petition to the Pulaski County Circuit Clerk, who received and filed it. In those papers, Petitioner asserted the following claims: ineffective assistance of counsel; prosecutorial misconduct; he

was denied a fair and impartial trial; his due process rights were violated. (Docket entry #9-3.)

On March 16, 2011, before the state trial court had ruled on Petitioner's Rule 37 Petition, he filed this § 2254 federal habeas action, asserting the same claims he raised in his Rule 37 Petition:

(1) His trial counsel was ineffective for failing to file a motion to dismiss for lack of speedy trial, failing to object to testimony that opened the door for evidence of other crimes, failing to prepare for trial, and failing to object to fingerprint evidence and a photo line-up;

(2) The prosecutor engaged in misconduct by allowing perjured testimony from the state's witnesses;

(3) Petitioner was denied a fair and impartial trial due to the false testimony and his attorney's "helping" the prosecutor get a conviction; and

(4) He was denied due process and equal protection due to the conduct of his counsel and the prosecutor.

On May 24, 2011, the Pulaski County Circuit Court denied Petitioner's Rule 37 Petition on the ground that it was filed forty days *after* the expiration of the sixty-day deadline for filing such a petition. *State v. Foley*, No. CR 2008-2880 (Pul. Co. Cir. Ct. May 24, 2011) (docket entry #9-4).

On May 27, 2011, Respondent filed his Response to Petitioner's habeas claims. (Docket entry #9.) He argued that: (1) Petitioner's prosecutorial misconduct claims were procedurally defaulted because he had failed to raise them in a motion for new

trial or in his direct appeal; (2) *Petitioner's ineffective-assistance claims were "unexhausted" because he still had time to appeal the denial of his Rule 37 Petition*;[2] and (3) even if Petitioner had fully exhausted his state court remedies on his ineffective-assistance claims, he had procedurally defaulted those claims by failing to raise them in a motion for new trial, on direct appeal, and in a timely Rule 37 petition.

On June 27, 2011, the Court entered an Order that required Petitioner to state whether he had filed a notice of appeal of the trial court's denial of his Rule 37 Petition. (Docket entry #10.) On July 11, 2011, Petitioner filed a Reply that failed to provide any of the information requested by the Court. (Docket entry #12.) It then accessed the Pulaski County Circuit Court website and confirmed that *no notice of appeal had been filed*.[3]

---

[2]*See* Ark. R. App. P.-Crim. 2(a)(4) (appeal of trial court's order denying a Rule 37 post-conviction petition must be filed within thirty days of order).

[3]On December 6, 2010, a notary in the Wrightsville Unit of the ADC notarized Petitioner's Rule 37 Petition. (Docket entry #2, at 30.) In his January 5, 2011 letter to the Pulaski County Circuit Clerk, Petitioner states that "on or about Dec. 7, 2010 I ... mailed a petition for Rule 37 relief to your office [and] I have received no filed stamped copy from your office. Please send me a file stamped copy of the Rule 37 petition to [the] address below." (*Id.* at 15.) On January 20, 2011, Petitioner again wrote the Pulaski County Circuit Clerk requesting a file-marked copy of his Rule 37 Petition. (*Id.* at 21.) These facts strongly support Petitioner's claim that, on or about December 7, 2010, he mailed a *timely* Rule 37 Petition to the Pulaski County Circuit Clerk and that pleading was either lost in the mail or lost once it was delivered to the Pulaski County Circuit Clerk's office.

All of the adverse events that led to Petitioner's Rule 37 Petition not being filed by the January 24, 2011 deadline appear to have been *outside his control*. However, once the

On August 28, 2012, the Court entered an Order staying this case because Petitioner still had the option of filing, with the Arkansas Supreme Court, a motion for belated appeal from the trial court's denial of his Rule 37 Petition.[4] (Docket entry #15.) The Court specifically advised Petitioner that: (1) if he filed a motion for belated appeal, he should promptly provide the Court with a copy of that motion; and (2) if he failed to file a motion for belated appeal, the Court would lift the stay and proceed with adjudication of this § 2254 action.

On September 7, 2012, Petitioner provided the Court with copies of papers he allegedly mailed to Sue Newberry, the Arkansas Supreme Court's criminal justice coordinator. (Docket entry #18.) These papers consisted of: (1) a cover letter to Ms. Newberry, stating that Petitioner was enclosing documents from a "previous submission" that were "never filed," (*id.* at 1); (2) an untitled pleading, with the case number from Petitioner's Pulaski County Circuit Court case, asking that "the court"

---

trial court dismissed his March 4, 2011 Rule 37 Petition, on the ground it was filed beyond the January 24, 2011 deadline, Petitioner was *solely responsible* for failing to appeal that dismissal to the Arkansas Supreme Court. As a result, Petitioner failed to exhaust his state court remedies, an action that deprived the Arkansas Supreme Court of the opportunity to reach the merits of the claims in his Rule 37 Petition.

[4]Ark. R. App. P.-Crim. 2(e) provides that a motion seeking to belatedly appeal the denial of a Rule 37 Petition must be filed within eighteen months of the denial of the Rule 37 Petition. In this case, Petitioner's Rule 37 Petition was denied on May 24, 2011. Thus, he had eighteen months, until November 24, 2012, to submit a motion seeking to belatedly appeal the denial of that Petition. Because November 24, 2012 was a Saturday, Petitioner had until and including Monday, November 26, 2012 to submit a motion to file a belated appeal with the Arkansas Supreme Court. See Ark. R. App. P.-Crim. 17.

review his documents, grant his motion for use of the trial transcript, and allow him to amend his Rule 37 Petition, (*id.* at 2-3); and (3) a Petition for Leave to Proceed *In Forma Pauperis* in the "prosecution" of his "belated appeal," (*id.* at 4).

Based on these at best confusing submissions, the Court ordered Respondent to file a Status Report addressing two specific matters: (1) whether Petitioner had filed a motion for belated appeal with the Arkansas Supreme Court; and (2) if so, the status of that motion. (Docket entry #19.)

On December 31, 2012, Respondent filed a Status Report, along with a letter from Leslie W. Steen, Clerk of the Arkansas Supreme Court and the Arkansas Court of Appeals. (Docket entry #21.) According to Mr. Steen's letter, after the November 23, 2010 mandate issued in Petitioner's direct appeal of his conviction, he had *not* filed any post-conviction pleadings or documents of any kind with the Arkansas Supreme Court. (Docket entry #21-1.)

On April 29, 2013, the Court entered an Order lifting the earlier stay. (Docket entry #22.) Thus, the issues are now joined, and Petitioner's habeas claims are ripe for decision.

For the reasons set forth below, the Court recommends that all of Petitioner's habeas claims be dismissed as procedurally defaulted.

## II. Discussion

Before seeking federal habeas review, a state prisoner must first fairly present the substance of each claim to each appropriate state court, thereby alerting those courts to the federal nature of his claim and giving them an opportunity to pass upon and correct any constitutional errors. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *see* 28 U.S.C. § 2254(b) & (c) (requiring federal habeas petitioner to pursue all remedies available in the state courts). A state prisoner is required to present his claims through "one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Thus, to fully exhaust claims raised in a state post-conviction petition, a prisoner must appeal the denial of that petition to the state's highest court. *Armstrong v. Iowa*, 418 F.3d 924, 925-26 (8th Cir. 2005).

However, once the time has passed for pursuing both a timely and a belated appeal of those claims in state post-conviction proceedings, a prisoner's habeas claims are deemed to be procedurally defaulted. *Id.* at 926. Federal habeas review of the defaulted claims is barred unless the prisoner can demonstrate "cause" for the default and "actual prejudice" as a result of the alleged violation of federal law, or demonstrate that failure to consider his claims will result in a fundamental miscarriage of justice. *Id.* at 927 (citing *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991)).

All of Petitioner's federal habeas claims were asserted in his Rule 37 state

Petition. The trial court dismissed that Rule 37 Petition on the ground it was *untimely filed*. Thereafter, in order to exhaust his state court remedies, Petitioner was required to file a timely notice of appeal and seek review of the trial court's ruling before the Arkansas Supreme Court. He failed to initiate such a direct appeal, and, later, failed to file a motion for belated appeal of the trial court's denial of his Rule 37 Petition with the Arkansas Supreme Court.[5] Because the time has now passed for pursuing both a timely and a belated appeal of the denial of his Rule 37 Petition, all of the habeas claims Petitioner has asserted in this action are procedurally defaulted.

Petitioner has not provided any reason: (1) for failing to appeal the trial court's denial of his Rule 37 Petition to the Arkansas Supreme Court; and (2) later, failing to file a motion for belated appeal with the Arkansas Supreme Court.[6] His pro se status

---

[5]Although Petitioner has provided this Court with papers that he allegedly mailed to the Arkansas Supreme Court's *criminal justice coordinator* (docket entry #18), the Clerk of the Arkansas Supreme Court has verified that Petitioner has filed *nothing* with the Arkansas Supreme Court since November 23, 2010, the date the mandate issued in his direct appeal of his conviction. (Docket entry #21-1.) Similarly, according to the Pulaski County website, *nothing* has been filed in Petitioner's criminal case since May 24, 2011, the date the trial court denied his Rule 37 Petition.

On April 29, 2013, the same day the Court entered its Order lifting the stay in this case, it received a letter from Petitioner, alleging that he "did in fact file a motion for belated appeal prior to [the] May 24, 2011 denial of his Rule 37 petition, but never received any response from [the] court nor Respondent." (Docket entry #23.) Anything Petitioner filed *prior* to the trial court's denial of his Rule 37 Petition is irrelevant to whether he appealed that denial. In addition, the Clerk of the Arkansas Supreme Court has confirmed that no motion for belated appeal was ever filed with that court.

[6]In his Reply to Respondent's procedural-default argument, Petitioner asserts that his first Rule 37 Petition was timely but was "lost in the mail," and that he tried two more

and any unfamiliarity with the law or procedural matters do not constitute cause sufficient to overcome a procedural default.[7] *See Smittie v. Lockhart*, 843 F.2d 295, 298 (8th Cir. 1988). Accordingly, all of Petitioner's habeas claims are procedurally defaulted and should be dismissed.

### III. Conclusion

IT IS THEREFORE RECOMMENDED that this 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus (docket entry #2) be DENIED and this case be DISMISSED, WITH PREJUDICE.

IT IS FURTHER RECOMMENDED that a Certificate of Appealability be

---

times to file a timely Rule 37 Petition. (Docket entry #12.) As previously explained, these arguments in no way address Petitioner's *subsequent failure* to file either a timely appeal of the trial court's denial of his Rule 37 Petition, or a motion for belated appeal with the Arkansas Supreme Court.

[7]Cause requires a showing of some objective factor, external to the petitioner's defense and not fairly attributable to him, impeding him from constructing or raising his claims in state court or complying with the state's procedural rules. *Coleman*, 501 U.S. at 753. If no cause has been shown, the prejudice element need not be addressed. *McCleskey v. Zant*, 499 U.S. 467, 502 (1991). Petitioner does not allege actual innocence as is necessary to invoke the "fundamental miscarriage of justice" exception to the cause-prejudice requirement. *See Murray v. Carrier*, 477 U.S. 478, 496 (1986) (where constitutional violation "has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default").


DENIED.[8]

DATED this 2nd day of May, 2013.

_____
UNITED STATES MAGISTRATE JUDGE

---

[8]*See* 28 U.S.C. § 2253(c)(1)-(2); Rule 11(a), Rules Governing § 2254 Cases in United States District Courts; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (to satisfy § 2253(c) when a habeas petition is denied on procedural grounds, a petitioner must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling").